IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,991-01






EX PARTE JACKY CLAY REYNOLDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0417630A IN THE 8TH JUDICIAL DISTRICT COURT


FROM HOPKINS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted in this case of two
counts of indecency with a child, and was sentenced to ninety-nine years' imprisonment for each
count. The Sixth Court of Appeals affirmed his conviction, but reversed the sentences due to error
at the punishment phase of trial, and remanded to the trial court for a new punishment trial. 
Reynolds v. State, No. 06-05-00155-CR (Tex. App. - Texarkana, May 31, 2007, no pet). On
remand, Applicant entered into a plea in exchange for fifty-year sentences for the two indecency with
a child counts. He waived his right to appeal the re-sentencing as part of his plea.

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely advise Applicant of his right to petition for discretionary review pro
se when the court of appeals affirmed his conviction.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel on appeal. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether there were issues raised on
Applicant's direct appeal from this conviction which pertained to the determination of guilt, as
opposed to the punishment phase of his trial. The trial court shall then make findings as to whether
Applicant's appellate counsel timely informed Applicant that his conviction had been affirmed and
that he had a right to file a pro se petition for discretionary review. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 26, 2008

Do not publish